IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2165-FL

| | | |
|---|---|---|
| TRAVIS SENTELL MONROE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN SARA M. REVELL, | ) | |
| | ) | |
| Respondents. | ) | |

The matter is before the court on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] (DE # 6) of respondent Warden Sara M. Revell ("respondent"). Petitioner, through counsel, responded to respondent's motion. In this posture, the matter is ripe for adjudication. For the following reasons, the court grants respondent's motion to dismiss.

## STATEMENT OF THE CASE

On June 6, 2005, petitioner pleaded guilty in this court, before Judge W. Earl Britt, to one count of possession with intent to distribute more than five grams of cocaine base (crack), cocaine, and marijuana in violation of 21 U.S.C. § 841(a)(1).[2] United States v. Monroe, 5:05CR48-001 (E.D.N.C. Sept. 26, 2005). At sentencing, petitioner was determined to be a career offender, pursuant to United States Sentencing Guideline 4B1.1, based on the following convictions: (1)

---

[1] Respondent does not state the Federal Rule of Civil Procedure governing her motion to dismiss. Accordingly, the court assumes that respondent moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

[2] The court notes that the government ultimately agreed to withdraw its notice of intent to seek an enhanced penalty under 21 U.S.C. § 841(b)(1)(A), in exchange for petitioner's guilty plea to the indictment. See United States v. Monroe, No. 5:05-CR-48-1-BR, (E.D.N.C. Alspaugh Aff. ¶ 8 (DE # 29)).

January 5, 1998, possession of cocaine; (2) April 9, 1999, possession with the intent to manufacture, sell, and deliver cocaine; and (3) April 9, 1999, possession with the intent to sell and deliver marijuana. Pet. p. 7. Petitioner was sentenced to a term of two hundred twenty-two (222) months imprisonment. United States v. Monroe, 5:05CR48-001 (E.D.N.C. Sept. 26, 2005). Petitioner did not file a direct appeal.

On August 7, 2006, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner's § 2255 motion was denied on May 3, 2007. On March 21, 2012, the Fourth Circuit Court of Appeals denied petitioner's request to file a successive § 2255 motion. Pet. Attach.

On April 16, 2012, petitioner filed this habeas petition pursuant to 28 U.S.C. § 2241, challenging his designation as a career offender in light of the Fourth Circuit Court of Appeals' ruling in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). On August 20, 2012, respondent filed a motion to dismiss arguing that petitioner may not proceed with his action pursuant to § 2241. The matter was fully briefed.

**DISCUSSION**

A.      Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled

2

facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

B.  Analysis

Respondent contends that petitioner's action should be dismissed because petitioner is inappropriately attacking the legality of his sentence in his § 2241 petition. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review inadequate or ineffective. Id. 115 F.3d at 1194, n. 5.

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

3

>     (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255
>     because the new rule is not one of constitutional law.

Id.

In this case, petitioner is not able to satisfy the second prong of the Jones test because the substantive law has not changed so that his conduct underlying his conviction for possession with the intent to distribute more than five grams of cocaine base (crack), cocaine, and marijuana is no longer criminal. Rather, petitioner attacks his career offender sentencing enhancement on the grounds that at least one of the convictions used to enhance his sentence as a career offender no longer qualifies as a predicate offense under the Fourth Circuit Court of Appeals' ruling in Simmons. The Fourth Circuit Court of Appeals, however, has not extended the reach of the savings clause to include those petitioners challenging only their sentence. Darden v. Stephens, 426 F. App'x 173, *1-2 (4th Cir. Apr. 29, 2011) (declining to extend § 2255's savings clause to include claim that prior conviction no longer is a crime of violence and not a proper predicate for enhancement to firearm possession sentence as a career offender) (citing United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (quotation omitted)); United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."); Hines v. Owens, No. 4:10-CV-2843-RBH, 2011 WL 53030, *2 (D.S.C. Jan. 7, 2011), aff'd, No. 11-6123, 2011 WL 4526017 (4th Cir. Sept. 30, 2011); see Little v. Hamidullah, 2006 WL 1193856, 177 F. App'x 375, 375-376 (4th Cir. May 3, 2006) (finding that the petitioner had not satisfied the Jones test where he claimed to be actually innocent of being a career offender); Patterson v. Wilson, No. 3:12CV66, 2013 WL 101544, at *2-3 (E.D. Va. Jan. 8, 2013). Because petitioner does not argue that the conduct for which he was

4

convicted, has been deemed non-criminal, the court finds that he has not satisfied the Jones criteria by establishing that § 2255 is inadequate or ineffective to test the legality of his detention.

The court cannot convert this § 2241 petition into a § 2255 petition because petitioner previously has filed such a habeas action. A second or successive § 2255 petition may not be brought prior to the United States Court of Appeals for the Fourth Circuit certifying that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Petitioner has not shown either of these. Therefore, petitioner has failed to satisfy the § 2255 gatekeeping provision. Accordingly, he may not proceed with this claim pursuant to 28 U.S.C. § 2241, and this action is DISMISSED without prejudice.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 6) is GRANTED, and the action is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 6th day of February, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge